## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JEFF ELLIOTT, )
)
       Plaintiff, )
)
v. ) Case No. 11-1163
)
CHRISTOPHER EBERTS, )
)
       Defendant. )

## ORDER

This matter is now before the Court on Plaintiff Jeff Elliott's ("Plaintiff") Motion for Default Judgment [#6]. For reasons stated herein, the Motion is DENIED.

## BACKGROUND AND JURISDICTION

On April 21, 2011, Plaintiff filed his complaint alleging that the Defendant Christopher Eberts ("Defendant") engaged in fraudulent and bad faith acts in producing (or not producing) a film based on one of Plaintiff's books. Plaintiff provides that he is a citizen of the state of Illinois and the Defendant is a citizen of California. The Complaint requests damages in excess of $1,000,000. As a result, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

On September 2, 2011, Plaintiff filed a Motion for Default Judgment [#6] requesting that judgment by default be entered in his favor and against Defendant, with further proceedings in the case to be set with respect to damages. In his motion, Plaintiff asserts that service has been properly made by certified mail on Defendant's

bankruptcy counsel in Santa Monica, California.  See Doc. #5[1].  Alternatively, it appears that Plaintiff contends that the parties had an agreement that the Defendant would accept service in exchange for more time to respond to the complaint.  Id.  Plaintiff notes that he had waited over one month from the time of his last communication with Defendant's bankruptcy counsel before filing his Motion.  Defendant has not responded to Plaintiff's Motion.

### **DISCUSSION**

"[A] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly serviced with process."  United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008).  Moreover "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process."  Mid-Continent Wood Products, Inc. V. Harris, 936 F.2d 297, 301 (7th Cir. 1991).  In the instant matter, Plaintiff has asked the Court to find that service on Defendant's bankruptcy counsel in an unrelated proceeding is sufficient to confer jurisdiction over Defendant.  The Court cannot do so.

The Federal Rules of Civil Procedure provide that service on an individual in the United States may be made by in several ways.  Plaintiff is apparently seeking to satisfy the service requirement in one of two particular ways.  Under Fed.R.Civ.P. 4(e)(2)(C), a party may perfect service by "delivering a copy of each to an agent authorized by

---

[1] Plaintiff noted in his Proof of Service that "[s]ervice [was] made on Defendant's litigation counsel in his bankruptcy case, Mr. Matthew Lesnick via certified mail (see attached return receipt).  Furthermore I received a telephone call and electronic mail from prospective defense counsel stating that Defendant would accept service in exchange for more time [to] answer the Complaint."

appointment or by law to receive service of process." Additionally, an individual may waive service by executing and returning a wavier of service. See Fed.R.Civ.P. (4)(d). If the individual waives service, the Rules allow him 60 days to answer the complaint. However, under the latter method, the Defendant would have to have return the waiver of service. That did not happen in this case and that basis is easily dismissed.

With respect to the former, the record presented by the Plaintiff reveals that in the email communication between the parties, Defendant's bankruptcy counsel specifically noted that "[they] do not represent Mr. Eberts" in the instant matter. (Emphasis added). The record further provides that the same counsel explained that "[Mr. Eberts] would be willing to accept service in this matter in exchange for receiving some more time to respond to the Complaint." The record presented by the Plaintiff is void of any additional information or terms on this proposed arrangement.

In reaching the following conclusion, the Court takes into account all the circumstances surrounding the alleged service and the relationship of Defendant's bankruptcy counsel and Defendant. Clearly a lawyer's representation of a client can be limited in scope. See e.g., Model Rules of Professional Conduct R.1.2. Defendant's bankruptcy attorney made it clear from the outset that his firm did not represent Defendant in this matter. This expressed declaration makes it clear to this Court that Bankruptcy Counsel was not authorized to act on behalf of Defendant for purposes of accepting service. As a result, an entry of default judgment would not be appropriate.

## **CONCLUSION**

The record before does not demonstrate that proper service on Defendant has been made. As such, Motion for Default Judgment [#6] is DENIED.

ENTERED this 13th day of October 2011.

/s/ Michael M. Mihm

Michael M. Mihm
U.S. District Court Judge